IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DOUGLAS DEONDRE DENMARK | § | |
| v. | § | CIVIL ACTION NO. 6:13cv294 |
| | | (Crim. No. 6:10cr83) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Douglas Denmark, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining of the validity of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Denmark was charged in a one-count indictment with conspiracy to possess with intent to distribute and distribution of at least five but less than 50 grams of methamphetamine. On October 5, 2010, he stated at a change of plea hearing that he was not ready to enter a plea until some "unanswered questions" had been resolved. The plea hearing was rescheduled for November 22, 2010, at which time Denmark entered a plea of guilty to Count One of the indictment pursuant to a written plea agreement. On April 19, 2011, Denmark was sentenced to 105 months in prison. He took a direct appeal, which was dismissed as frivolous on April 13, 2012. Denmark then sought §2255 relief.

In his motion to vacate or correct sentence. Denmark raised three grounds for relief. These are: (1) his guilty plea as not voluntary and was induced without understanding of the nature of the charges and the consequences of the plea; (2) the conviction was obtained through a coerced

1

confession; and (3) Denmark received ineffective assistance of counsel. The Government has filed an answer to Denmark's motion to vacate, to which Denmark has filed a reply.

After review of the proceedings, the Magistrate Judge issued a Report recommending that Denmark's motion to vacate or correct sentence be denied. Denmark filed untimely objections to the Report; in the interests of justice, these objections will be considered as though timely.

In his first objection, Denmark asserts that the Magistrate Judge erred in recommending dismissal of his claim that he was induced to plead guilty by unkept promises. He asserts that the Magistrate Judge made this recommendation without benefit of a response by his trial counsel, Clifton Roberson, or an evidentiary hearing. Denmark says that he made specific factual allegations based on personal knowledge that trial counsel predicted a 60 month sentence if he accepted the plea agreement, and that counsel told him in a phone call that he, Roberson, had spoken to the probation officer and was told that Denmark would not receive the two point enhancement for being on parole. He claims Roberson also told him that his criminal history would only go back 10 years, giving him a criminal history score of 6. Denmark states that these allegations are corroborated by affidavits from Kimberly Denmark and Linda Patterson, who confirm that Roberson told him the criminal history would only go back 10 years, meaning that the judge could not sentence him any higher than a Category III due to a criminal history score of 6.

The Magistrate Judge observed that at the guilty plea proceeding, Denmark specifically testified that no one had made him any promises, outside of the plea agreement, to induce him to plead guilty. This testimony is entitled to a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977). The Magistrate Judge pointed to Rogers v. Maggio, 714 F.2d 35, 39 n.5 (5th Cir. 1983), in which the defendant was asked if he had been threatened, coerced, or promised anything in exchange for his plea of guilty, and he replied "no, sir." The Fifth Circuit stated that "he is bound by that answer in his claim for federal habeas relief" and thus is not entitled to a hearing on the issue of whether he was coerced into pleading guilty. The Magistrate Judge correctly concluded that Denmark is bound by his sworn testimony.

Additionally, as the Magistrate Judge said, the Fifth Circuit has held that when a defendant pleads guilty on the basis of a promise by his defense attorney or the prosecutor, whether or not such promise is fulfillable, breach of that promise taints the voluntariness of the plea. Smith v. Blackburn, 785 F.2d 545, 548 (5th Cir. 1986). To establish this, however, the defendant must show: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of any eyewitness to the promise. DeVille v. Whitley, 21 F.3d 654, 658 (5th Cir. 1994); Smith v. McCotter, 786 F.2d 697, 701 (5th Cir. 1986). Conclusory allegations by the petitioner are insufficient to make such a showing; there must be independent evidence supporting his claim. McNeil v. Blackburn, 802 F.2d 830, 833 (5th Cir. 1986); Davis v. Butler, 825 F.2d 892 (5th Cir. 1987).

In this case, Denmark has failed to offer independent evidence supporting his claims of unkept promises. Although he offers affidavits from Kimberly Denmark and Linda Patterson, these affidavits do not indicate that they were present during meetings between Denmark, Roberson, and the prosecutor, Assistant United States Attorney Richard Moore, and thus cannot substantiate any promises allegedly made during such meetings. Furthermore, these affidavits refer to events which took place after the entry of the guilty plea but prior to sentencing, meaning that the events recounted could not have affected the validity of the guilty plea. Although Denmark states that his own affidavits are sufficient to prove his claims, these are not "independent evidence" and are not sufficient to overcome the strong presumption of verity accorded to his sworn testimony at the plea proceeding. *See* United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986) (holding that there must be independent indicia of the likely merit of the petitioner's contentions; mere contradiction of the statements made at the guilty plea proceeding will not suffice); *cf.* United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985) (to be entitled to evidentiary hearing on claim that sworn statements made during the guilty plea proceeding were false, the petitioner must make "specific factual allegations supported by the affidavit of a reliable third person"). Denmark's first objection is without merit.

Second, Denmark states that two persons, Matthew Thomas and Meagan Henderson, wrote letters recanting their earlier statements and clearing him of any wrongdoing, but the Magistrate Judge said that he, Denmark, failed to allege what an investigation in the recantation statements would have shown. Denmark says that Matthew Thomas, whom he describes as a "key government witness," made "controlled buys from a government informant" on November 12, November 18, and December 11, 2009, and implicated Denmark as his supplier of methamphetamine. Denmark argues that an investigation into the recantation would have proven his innocence, because Thomas' recantation statement asserts that he "never bought, sold, or received any narcotics from Douglas Denmark and he never saw Douglas Denmark in possession of any narcotics."[1]

As the Magistrate Judge concluded, Denmark's assertion that counsel would have "discovered his innocence" through an investigation into the recanted statement is belied by Denmark's own sworn testimony that he was guilty as charged. *See* Terry v. U.S., cause no. 2:04cr113, 2009 WL 3297209 (N.D.Miss., motion to vacate denied October 9, 2009, no appeal taken) (claim of failure to investigate and discover facts showing innocence rejected based upon movant's entry of a guilty plea). This objection is without merit.

Third, Denmark contends that according to the Magistrate Judge, nothing in the record supports the claim that Denmark asked his trial counsel to move to withdraw the guilty plea after the November 22, 2010 change of plea hearing. Denmark asserts that during his sentencing hearing, he stated that he wished to withdraw the guilty plea after being provided with the recantation statement.

The record of the sentencing hearing shows that Denmark stated that after he was informed of the recantation, he asked counsel to withdraw his plea. Both Roberson and Moore said that Denmark did not ask to withdraw his guilty plea after he entered it.

Denmark argues that the resolution of this dispute requires an evidentiary hearing. However, he has not shown that had Roberson filed a motion to withdraw the plea, the result of the proceeding

---

[1]Taken literally, this statement is of no benefit whatsoever to Denmark; Thomas said that he never bought any narcotics from Denmark, and methamphetamine is not a narcotic.

would probably have been different. Fed. R. Crim. Pro. 11(d) allows withdrawal of a guilty plea before sentencing if the defendant can show "a fair and just reason" for requesting the withdrawal, and Denmark offers no indication that he could have met his burden of showing a "fair and just reason" to withdraw his guilty plea. The Magistrate Judge cited United States v. Tealer, 51 Fed.Appx. 928, 2002 WL 31415154 (5th Cir., October 9, 2002), in which the defendant complained that her attorney had misinformed her of the sentence she would receive, rendering her guilty plea involuntary, and her substitute attorney was ineffective for failing to file a motion to withdraw the plea. The Fifth Circuit stated that even if the defendant was misadvised regarding her likely sentence, this is not the kind of mistake that can vitiate a guilty plea.

Hence, because there was no basis for concluding that the plea was involuntary, the Fifth Circuit stated that Tealer's attorney could not have failed to provide effective assistance by not filing a motion to withdraw the plea. *See also* United States v. Gracia, 983 F.2d 625, 629 (5th Cir. 1993) (contention that defense counsel misinformed a defendant about a likely sentence was not sufficient to set aside a guilty plea when the trial court had properly advised the defendant concerning the possible maximum sentence).

Similarly, the Magistrate Judge said, there is no basis for concluding that Denmark's plea was involuntary. He testified under oath that he was pleading guilty because he was guilty and for no other reason, and he has failed to show that a recantation statement, which he did not learn about until after he entered the guilty plea, somehow retroactively rendered this plea involuntary. As in Tealer, no basis exists for concluding that Denmark's plea was involuntary, nor any basis upon which to conclude that a motion to withdraw the voluntarily given guilty plea would likely have been granted. Thus, even if Denmark is correct in stating that he asked Roberson to file a motion to withdraw his plea and Roberson did not do so, Denmark has not shown that but for this alleged failure, the result of the proceeding would probably have been different. This renders his ineffective assistance claim without merit. United States v. Payne, 99 F.3d 1273, 1282 (5th Cir. 1996).

Denmark's objection on this point fails to show any basis upon which to set aside the Report of the Magistrate Judge.

Denmark goes on to assert that his wife Kimberly Denmark gave a statement saying Roberson told her that when the retraction statements came out, the judge would dismiss the case once the statements were reviewed. Another person, Linda Patterson, gave a statement saying that in March of 2011, she contacted Roberson, who told her that the judge would dismiss the case once the retraction statements were reviewed.

Denmark contends that the Magistrate Judge made "credibility determinations," but this is incorrect. In fact, the Magistrate Judge observed that the statements of both Kimberly Denmark and Linda Patterson referred to events which occurred after Denmark had entered his guilty plea, meaning these events could not have affected the voluntariness of that plea. The fact that Roberson may have been incorrect in telling Kimberly Denmark and Linda Patterson that the case would be dismissed does not show that Denmark's guilty plea was involuntary or that he is otherwise entitled to §2255 relief. This objection is without merit.

Similarly, Denmark argues that "a review of AUSA Moore's statements made at sentencing and in his pleadings in the instant §2255 proceeding illustrates the degree of actual prejudice Denmark has suffered when an advocate, through his direct participation in the events under litigation, can argue to the court based on his actual or perceived personal knowledge." This objection is also based on the assertion that the Magistrate Judge made credibility determinations, which is not correct. Denmark's objection on this point is without merit.

Denmark repeats his claim that counsel denied him effective assistance by failing to investigate and interview Matthew Thomas based on the recantation statement, which he says "would have enabled counsel to present fact based evidence that Denmark was actually innocent of the charges that form the basis of his conviction." The evidence shows that counsel did not learn of the recantation statements until after Denmark had pleaded guilty. Thus, any attempt by counsel to present "evidence that Denmark was actually innocent" would have run into the fact that Denmark

6

had entered a knowing and voluntary guilty plea, as shown by Denmark's own testimony at the plea proceeding. Denmark has not shown that but for counsel's alleged failure, the result of the proceeding would probably have been different. His objection on this point is without merit.

Next, Denmark asserts that his guilty plea was involuntary because it was "induced under duress, through coercion and misrepresentation." Specifically, he says that he was told that the Government would forego criminal prosecution against his wife, that his criminal history would only go back 10 years, that his maximum exposure was 60 months, his criminal history would be III and the offense level 23 after the acceptance of responsibility adjustment, and his attorney predicted a guideline range of 57-71 months.

Denmark argues that when a defendant pleads guilty based on promises made to him by the Government or by trial counsel, due process requires that the bargain be kept; otherwise, if a defendant pleads guilty based on a false premise, the conviction cannot stand. He adds that in the Fifth Circuit, an involuntary plea is grounds for §22555 relief.

Denmark acknowledges that, as the Magistrate Judge stated, he testified under oath that he was pleading guilty because he was guilty and for no other reason. He also agreed in open court that the factual resume presented by the Government was correct, which resume stated that on November 12, November 18, and December 10, 2009, Denmark was involved in the distribution of approximately seven grams of methamphetamine. Despite this, Denmark argues that "a plea colloquy cannot inoculate trial counsel's error in the pre-trial process." He points to Missouri v. Frye, 132 S.Ct. 1399 (2012), in which the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions which may be favorable to the accused, and that counsel may be deficient in failing to communicate a plea offer before it expires. In order to show prejudice under such a circumstance, the defendant must show a reasonable probability that he would have accepted the plea offer had he received effective assistance of counsel, as well as a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it.

While Frye presents a considerably different fact situation than the present case, Denmark points to a statement by the Supreme Court that "it is insufficient simply to point to the guarantee of a fair trial as a backstop that inoculates any errors in the pre-trial process." This is because, as the Supreme Court explained, "ours is for the most part a system of pleas, not a system of trials." Frye, 132 S.Ct. at 1407, *citing* Lafler v. Cooper, 132 S.Ct. 1376 (S.Ct. 2012) (companion case).

Denmark argues that in the same way, a trial judge's plea colloquy should not inoculate counsel's errors in the pre-trial process. His argument misses the mark. The relevant fact in the present case is not the trial judge's colloquy but Denmark's own sworn testimony that he was pleading guilty because he was guilty and for no other reason, and that no one had threatened him, coerced him, or promised him anything outside the plea agreement. Unlike here, Frye involves a situation in which a defendant was deprived of the opportunity to enter a plea bargain, and thus is distinguishable from the present case. Denmark's objection in this regard is without merit.

While Denmark complains of promises allegedly made to him to induce his plea of guilty, he has offered nothing to substantiate the existence of such promises. The Magistrate Judge correctly observed that at the guilty plea proceeding, Denmark specifically testified that no one had made him any promises, outside of the plea agreement, to induce him to plead guilty. *See* Rogers, 714 F.2d at 39 n.5 (defendant bound by his sworn statement that he had not been threatened, coerced, or promised anything in exchange for his plea of guilty).

The Magistrate Judge reiterated that in order to show that a plea of guilty was premised on an unkept promise, the defendant must show the exact terms of the alleged promise, where, when and by whom the promise was made, and the identity of any eyewitnesses to the promise. DeVille, 21 F.3d at 658. There must be independent evidence supporting the claim, not merely conclusory allegations. McNeil, 802 F.2d at 833.

In this case, the Magistrate Judge concluded that Denmark offered no independent evidence of his claims concerning the promises made to him, and his conclusory allegations cannot support a claim for §2255 relief, particularly in light of his testimony that no promises were made to him to

induce his plea of guilty. While the affidavits of Kimberly Denmark and Linda Patterson are independent evidence, these do not show that either of these people were present at meetings between Denmark, Roberson, and Moore, and thus cannot attest to whether or not any promises were made to Denmark. Instead, the affidavits refer to events taking place after Denmark entered his plea, which events could not have influenced the plea in any way.

The affidavits do indicate that Roberson told Kimberly Denmark and Linda Patterson that Denmark would have a criminal history of 6, resulting in a sentencing guideline range of 57 to 71 months. Instead, Denmark had a criminal history score of 10, resulting in a range of 84 to 105 months.

Even assuming that Roberson told Denmark the same thing, Denmark has established no basis for relief. At the change of plea proceeding on November 22, 2010, Denmark was admonished that the range of punishment was five to 40 years. He testified that he understood that the sentence actually imposed could be different from any estimate that his attorney, the Government, or the U.S. Probation Office gave him, and that if the sentence were more severe than expected, he would not be able to withdraw his plea. Denmark was also told that the guideline sentence for his case could not be determined until after the pre-sentence report was completed.

As the Magistrate Judge stated, the Fifth Circuit has held that an erroneous estimate by counsel as to the length of the sentence, standing alone, does not vitiate an otherwise voluntary guilty plea. Daniel v. Cockrell, 283 F.3d 697, 703 (5th Cir.), *cert. denied,* 537 U.S. 874 (2002). The Magistrate Judge pointed to a case from the Northern District of Texas called Olivas v. United States, civil action no. 3:10cv544, 2010 WL 3659514 (N.D.Tex., August 20, 2010), *appeal dismissed by denial of certificate of appealability* May 11, 2011), the §2255 movant Jose Olivas complained that his attorney told him that if he pleaded guilty, "the worst case scenario would be 71 months," but in fact Olivas received a 105-month sentence. He complained that this misinformation rendered his guilty plea involuntary, but the district court rejected this contention, stating that Olivas had been admonished as to the statutory maximum punishment and had been told that the court could not

determine what guideline range applied until after the pre-sentence report was reviewed. In addition, Olivas testified that no one had forced him to plead guilty or made any promises to induce his plea. The district court concluded that in light of this, Olivas could not show that the guilty plea was the result of promises by defense counsel concerning his sentence.

Similarly, Denmark was admonished as to the statutory maximum punishment and told that the Court could not determine what guidelines applied until after the pre-sentence report was reviewed. Like Olivas, he testified that no one had made any promises to him to induce his guilty plea. Denmark has failed to overcome the evidence of his own words, and his objection on this point is without merit. Raetzsch, 781 F.2d at 1151.

Finally, Denmark cites United States v. Herrera, 412 F.3d 577 (5th Cir. 2005) in support of his contention that an evidentiary hearing should be conducted. In that case, the movant Ismael Herrera was convicted by a jury of various drug and firearms charges, receiving three concurrent 78-month sentences. In his §2255 motion, Herrera asserted that he received ineffective assistance of counsel because his attorney incorrectly advised him to reject the plea offer, which would have subjected him to a 48-month maximum sentence under the sentencing guidelines. Herrera stated that this advice was based on the erroneous belief that Herrera faced only 51 months if he went to trial, while in fact Herrera faced a sentencing range of 78 to 91 months. He alleged that he would have accepted the plea offer had he known of his true exposure.

The Fifth Circuit held that Herrera's allegations, if proven, would show that counsel gave erroneous advice, and that "an attorney who underestimates his client's sentencing exposure by 27 months does not provide his client with the information needed to make an informed decision about accepting a plea offer or going to trial." However, the record contained only Herrera's allegation, which the district court had presumed true. Rather than relying on an assumption, the Fifth Circuit remanded the case to the district court for a hearing to determine whether or not counsel misrepresented the prison time Herrera faced and whether Herrera relied on those misrepresentations in rejecting the Government's offer.

The opposite situation exists in the present case. While Herrera claimed to have received bad information which caused him to reject a plea agreement and go to trial, Denmark claims that the misinformation induced him to plead guilty.² Unlike Herrera, Denmark provided sworn testimony under oath that no promises had been made to induce him to plead guilty. This distinction is critical; in order to prevail, Denmark must overcome his own sworn testimony, while Herrera faced no such obstacle. The Herrera decision does not change the requirement that a movant seeking to set aside a guilty plea based on alleged promises by counsel must provide independent indicia of the likely merit of his contentions. Raetzsch, 781 F.2d at 1151; Fuller, 769 F.2d at 1099. In the absence of such independent indicia, the movant is bound by his own words. Rogers, 714 F.2d at 39 n.5. Denmark has failed to offer evidence of the likely merit of his contentions and his objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Focket Po. 3: ) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence is hereby DISMISSED with prejudice. It is further

ORDERED that the Movant Douglas Denmark is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

---

²Had Denmark chosen to go to trial, he likely would not have received a three point deduction for acceptance of responsibility, making his sentencing exposure 110 to 137 months.

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 7th day of March, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**